Rodríguez, Petitioner, *v.* District Court of Mayagüez, Respondent.

Petition for a Writ of Certiorari Directed to the District Court of Mayagüez, Hon. Tomás Bryan, Judge.

No. 386.—Decided December 21, 1922.

Municipal Courts—Judgment—Appeal—Notice of Judgment.—It is not the duty of a clerk of a municipal court to give notice of each judgment to the losing party or to his attorney and file a copy of such notice with the rec-ord, as provided by Act No. 70 of March 9, 1922, for that act refers to cases in the district courts; and as appeals from judgments of municipal courts are governed by Act No. 13 of November 14, 1917, under which the

time within which to appeal is counted from the time that notice of the judgment is given to the losing party, such notice should be given by the adverse party, following the provisions of section 320 of the Code of Civil Procedure.

The facts are stated in the opinion.

*Mr. A. A. Vázquez* for the petitioner.

The respondent did not appear.

MR. JUSTICE ALDREY delivered the opinion of the court.

At the petition of Ramón Rodríguez this court issued a writ of certiorari directed to the Judge of the District Court of Mayagüez commanding him to send up the record of an action brought in the Municipal Court of Cabo Rojo by José Itara against Ramón Rodríguez and appealed to the said district court. The record was received and the parties failed to appear before this court on the day set for the hearing.

It appears from the record before us that an action having been brought against Ramón Rodríguez to recover the sum of $278.03, together with $4.06 as interest, he was summoned at his residence in the ward of Tunas of San Germán; that on July 3, 1922, a default judgment was entered against him for the sums claimed; that on the same day the clerk of the municipal court mailed a postcard addressed to Ramón Rodríguez at San Germán notifiying him of the judgment entered in the action; that at the instance of the plaintiff the municipal court ordered the execution of the judgment on July 18th; that on the 20th Ramón Rodríguez was notified at his residence in the ward of Tunas of San Germán of the memorandum of costs filed by the plaintiff; that on the 22nd the post-office of San Germán returned to the clerk the postcard addressed to Ramón Rodríguez containing notice of the judgment, because it had not been called for; that on July 28th Ramón Rodríguez filed a notice of appeal from the judgment and stated that he had received no notice of it until that same day, and that the appellee having moved the district court to dismiss the appeal be-

cause taken out of time, it was dismissed on the 8th of September.

The grounds of the petition for the writ of certiorari are that the order of the district court dismissing the appeal is not appealable to this court because the amount in controversy is less than $300 and that as the petitioner was not notified of the judgment rendered against him in the manner prescribed by Act No. 13 of November 14, 1917, his appeal was taken in time and should not have been dismissed.

Section one of said Act No. 13 to amend section one of the Act to regulate appeals from judgments of municipal courts in civil cases of March 11, 1908, provides that an appeal from a judgment of a municipal court shall be taken by serving a written notice thereof on the clerk of the municipal court within the ten days following the date on which notice of the judgment shall have been served on the party against whom the judgment was rendered, or on his attorney, and by serving a like notice within a like period on the adverse party, or on his attorney. This Act does not authorize the clerk to give such notice; therefore it should be given by the adverse party, in accordance with section 320 of the Code of Civil Procedure, either personally or by leaving the notice at the residence of the defendant, between the hours of eight in the morning and six in the evening, with some person of suitable age and discretion; and if his residence be not known, by putting the same, inclosed in an envelope, into the post-office, directed to such party by registered mail. Act No. 70 of March 9, 1911, which imposes upon the clerk the duty of mailing a written notice to the losing party or his attorney notifying him of the rendition of the judgment, and of filing a copy of such notice with the papers in the case, the time within which an appeal may be taken to be computed from the date of such filing, refers to cases in the district courts and not to those prosecuted in the municipal courts, which

on that point are governed by the later Act of 1917 to which we have referred.

The order of the lower court is set aside.

*Order set aside.*

Chief Justice Del Toro and Justices Wolf and Hutchison concurred.

. Mr. Justice Franco Soto took no part in the decision of this case.